FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 27 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

MOSES T. JENSEN,

                Plaintiff,               **REPORT AND RECOMMENDATION**
                                                        **10 CV 2043 (RJD)(LB)**

-against-

ALLIED BURTON SECURITY SERVICES,

                Defendant.

-------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

Plaintiff brings this *pro se* action alleging violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. After plaintiff failed to appear for his deposition on April 12, 2011, the Court ordered him to appear for his deposition on a date certain and warned him that if he failed to appear, the Court would recommend that his case should be dismissed. Nonetheless, plaintiff failed to appear for his Court-ordered deposition on May 5, 2011. Defendant now requests the dismissal of plaintiff's case. For the following reasons, it is respectfully recommended that plaintiff's case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

## BACKGROUND

Plaintiff commenced this *pro se* employment discrimination action on May 3, 2010. (Docket entry 1.) At the initial pretrial conference held on August 12, 2010, the parties orally agreed to settle this action. (Docket entry 16.) However, plaintiff refused to sign the settlement agreement and defendant moved to enforce the oral agreement as entered into the record by the parties at the initial conference. (Docket entry 30.) In an abundance of caution, the Court found

1

that the parties did not intend to be bound by the oral settlement agreement until it was reduced to a signed writing and denied defendant's motion. (Docket entry 35.)

The parties proceeded with discovery and defendant served plaintiff with its First Set of Interrogatories and First Set of Requests for Production of Documents on March 3, 2011. (Crawford Cert., ¶4.) Defendant served plaintiff with a notice of deposition on March 17, 2011, scheduling plaintiff's deposition for April 12, 2011 in New York. (Id. at ¶5.) After plaintiff refused to answer the discovery requests or appear for his deposition because of a typographical error in the documents, defendant corrected and re-served the written discovery requests and notice of deposition on March 25, 2011. (Id. at ¶¶6-7.) Defendant's counsel attempted to contact plaintiff to get his responses to the paper discovery on numerous occasions prior to April 12, 2011 and to confirm plaintiff's appearance for his deposition. (Id. at ¶¶8-9.) However, plaintiff failed to respond to counsel's inquiries. (Id.) Defendant's counsel traveled to New York to conduct plaintiff's deposition on April 12, 2011. (Id. at ¶11.) Thirty minutes after the deposition was scheduled to begin, counsel called plaintiff and plaintiff stated that he would not attend the deposition. (Id. at ¶13.)

Defendant moved to compel plaintiff to respond to the written discovery requests and to appear for his deposition. (Docket entry 37.) By Order dated April 22, 2011, the Court granted defendant's motion to compel and ordered plaintiff to respond to defendant's written discovery requests and to appear for his deposition on May 5, 2011 at 10:00 a.m. in New York. (Docket entry 38.) The Court explicitly warned plaintiff that if he failed to appear for his deposition on May 5, 2011, the Court would recommend that plaintiff's case should be dismissed. (Id.) The Court also denied without prejudice defendant's request for plaintiff to pay the expenses and

attorney's fees incurred by defendant in traveling to the deposition in New York and preparing its motion to compel. (Id.)

Plaintiff moved for reconsideration of the Court's April 22, 2011 Order granting defendant's motion to compel. (Docket entry 39.) The Court denied the motion, as plaintiff failed to present any basis for reconsideration. (Docket entry 41.) Moreover, plaintiff gave no basis for his failure to appear at his deposition on April 12, 2011. Accordingly, the Court ordered plaintiff to respond to defendant's written discovery requests and to timely appear for his deposition on May 5, 2011. (Id.) Plaintiff was warned that he must comply with the Court's Order and that if he failed to timely appear for his deposition on May 5, 2011, the Court would recommend that his case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). (Id.)

Defendant properly noticed plaintiff for his deposition on May 5, 2011. (Crawford Cert., ¶18.) On May 3, 2011, defendant's counsel contacted plaintiff to ask him whether he intended to appear for his deposition and plaintiff refused to respond. (Id. at ¶19.) Instead, counsel reports that plaintiff stated "this is a free country" and "Magistrate Bloom cannot tell me what to do." (Id.) Defendant's counsel traveled again to New York to conduct plaintiff's deposition as scheduled. (Id. at ¶20.) An hour after plaintiff's deposition was scheduled to begin and plaintiff had not appeared, defendant's counsel spoke to plaintiff on the phone and asked him if he was planning on appearing for the deposition. (Id. at ¶23.) Plaintiff did not respond, but rather asked if counsel had received his recent submission to the Court and then hung up the phone. (Id.) In addition to not appearing at his deposition on May 5, 2011, plaintiff never responded to defendant's written discovery requests. (Id. at ¶24.) Defendant now requests that this action be dismissed for plaintiff's willful disobedience of the Court's discovery Orders. (Docket entry 45.) Defendant also requests that the Court award reasonable expenses, including attorney's fees,

incurred by defendant in traveling to the depositions in New York and preparing all discovery-related motions. (Id.)

Instead of appearing for his Court-ordered deposition on May 5, 2011, plaintiff filed three motions with the Court. (Docket entries 42, 43, and 44.) All three motions request that the Court transfer plaintiff's case to the United States District Court for the Southern District of New York, apparently because plaintiff disagrees with my Orders in this case.[1] Plaintiff selected to file his case in this district, venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c), and plaintiff has not demonstrated that it would be in the interests of justice to transfer the case to another district. See 28 U.S.C. §§ 1404(a), 1406(a). Accordingly, plaintiff's motions to transfer venue are denied.

## DISCUSSION

Under Rule 37 of the Federal Rules of Civil Procedure, the Court may dismiss the complaint for a plaintiff's failure to comply with the Court's discovery Order. Fed. R. Civ. P. 37(b)(2)(A)(v) ("[T]he court where the action is pending may issue further just orders . . . includ[ing] the following: . . . (v) dismissing the action or proceeding in whole or in part."); see Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (upholding the district court's dismissal of *pro se* plaintiff's case pursuant to Rule 37 where plaintiff failed to comply with the Court's Orders); Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994) (The sanction of dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal."); Worldcom Network Servs., Inc. v. Metro Access, Inc., 205 F.R.D. 136, 143 (S.D.N.Y. 2002) ("[S]anctions

---

[1] The Court construes plaintiff's request for a change of venue to the "Federal District Court at the Bro[n]x New York" as a request to transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C § 1404.

4

are permissible under Rule 37(b)(2) when a party fails to comply with a court order, regardless of the reasons."). In particular, Rule 37 applies to a litigant's failure to appear for his or her deposition. Fed. R. Civ. P. 37(d); see Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990) (affirming dismissal of action, pursuant to Fed. R. Civ. P. 37, for *pro se* plaintiff's refusal to appear at her deposition); Salahuddin v. Harris, 782 F.2d 1127 (2d Cir. 1986) (motion to dismiss for failure to participate in deposition is properly considered under Fed. R. Civ. P. 37).

In evaluating whether to dismiss a case pursuant to Rule 37, the Court looks to the following factors: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal, 555 F.3d at 302-303. "Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Davidson v. Dean, 204 F.R.D. 251, 255 (S.D.N.Y. 2001) (quoting Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir.1997)).

Plaintiff's conduct in this case demonstrates a wilful disregard for the Orders of the Court. Plaintiff has twice failed to appear for his deposition in this case. When plaintiff did not appear for his deposition on April 12, 2011, the Court imposed a less severe sanction than defendant requested and ordered plaintiff to appear for his deposition on May 5, 2011. After plaintiff sought reconsideration of the Court's Order, the Court again directed plaintiff to appear for his deposition on May 5, 2011. Each of the Court's Orders explicitly warned plaintiff that his case would be dismissed if he failed to timely appear for his deposition on May 5, 2011. Instead of complying with the Court's Orders, plaintiff responded by filing baseless motions to transfer

venue and informing defendant's counsel that he would not appear for his deposition. Moreover, plaintiff failed to respond to defendant's written discovery requests, despite being ordered to do so. Plaintiff has not provided any reason for why he failed to appear for his deposition or respond to defendant's discovery requests. Plaintiff was given multiple chances to comply with his discovery obligations in this case and was given ample warning of the consequences if he failed to comply. Nevertheless, plaintiff repeatedly flouted his obligations. Plaintiff's willful noncompliance with the Court's Orders should not be tolerated. As the Court recommends dismissal of this action, the Court declines defendant's request to impose additional sanctions.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's case should be dismissed for his failure to comply with the Court's Orders pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). The Court declines defendant's request to impose additional sanctions.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/

LOIS BLOOM
United States Magistrate Judge

Dated: May 27, 2011
       Brooklyn, New York